1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE RICHARDSON,<br><br>                Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES, a local public entity, OFFICER MEJIA, OFFICER SIKORSKI, OFFICER MARTINEZ, OFFICER ROTH, OFFICER FELDTZ, OFFICER MILLER, OFFICER ALVARADO, OFFICER ZIESMER, OFFICER TREJO, OFFICER REYES, OFFICER BROWN, OFFICER CHAPMAN<br><br>                Defendants. | CASE NO. **CV10-02473 DDP(RZx)**<br>*Hon. Dean D. Pregerson- Ctrm 3, 2nd Fl.*<br>*Hon. Mag. Ralph Zarefsky- Ctrm. 540 Roybal*<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

/ / /

/ / /

1

1. Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential any personnel files, Internal Affairs documents or any other document or writing that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the document contains confidential or private information. Such documents may be classified as subject to this protective order by marking each document or writing with a watermark, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect. Documents and writings so designated, and all privileged information derived therefrom [hereinafter collectively referred to as "Confidential Information"], shall be treated in accordance with the terms of this Stipulation. In making this designation, the Disclosing Parties are also representing that no portion of the document is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. Subject to the further conditions imposed by this Stipulation, the Confidential Information may only be disclosed to the Court and to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Defendants City of Los Angeles and Los Angeles Police Department;

    (c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

    (d) Parties to the litigation;

    (e) Expert witnesses consulted and/or retained for this action; and

    (f) The judge and court personnel, including stenographic reporters.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Information

1 sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person
2 has received and read a copy of the Stipulation and understands that s/he is bound by the
3 terms of the Stipulation.

4  5. Unless made on the record in this litigation, counsel making the disclosure to any
5 qualified person described herein shall retain the original executed copy of the
6 Nondisclosure Agreements until thirty (30) days after this litigation has become final,
7 including any appellate review, and monitoring of an injunction.  Counsel for the
8 Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce
9 the original signature page upon reasonable written notice from opposing counsel.  If an
10 issue arises regarding a purported unauthorized disclosure of Confidential Information,
11 upon noticed motion of contempt filed by the Disclosing Parties, counsel for the
12 Receiving Party may be required to file the signed Nondisclosure Agreements, as well
13 as a list of the disclosed documents, in camera with the Court having jurisdiction of the
14 Stipulation.

15  6. The court reporter, videographer, and audiographer, if any, who record all or part
16 of the depositions in this matter of Defendants City of Los Angeles and Los Angeles
17 Police Department, or any other current or former employee of the Los Angeles Police
18 Department shall be subject to this Order.  In preparing the original deposition videotape,
19 audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all
20 documents designated as "Confidential Information," and all testimony involving
21 information derived from such "Confidential" documents shall be segregated from the
22 rest of the deposition.  No copies of such segregated "Confidential Information" portions
23 of the materials described above shall be provided to any persons other than those
24 persons identified in paragraph 3.  Nothing in this agreement is intended to limit the
25 rights of third parties to obtain such Confidential Information through discovery and
26 subpoena power in other proceedings, subject to a motion for a protective order filed in
27 those proceedings by the party seeking to prevent disclosure of the Confidential
28 Information.

7. If any "Confidential Information" documents or testimony derived from such documents occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

8. Upon final termination of this litigation, including any appeal pertaining thereto, all documents still classified as Confidential Information at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

9. If any Receiving Party who receives Confidential Information is served with a subpoena or other request seeking Confidential Information, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Information sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. However, in no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

10. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate Confidential Information shall be filed and maintained under Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Information, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating

to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Information be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise. The terms of this agreement do not apply to evidence presented at trial. Any party seeking to limit the introduction of Confidential Information at trial shall take the matter up with the judicial officer conducting the proceeding at the appropriate time.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence on grounds including, but not limited to, relevance and privilege.

13. At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this protective order and the basis for the Receiving Parties' objection. The Disclosing Party shall, within 30 days of receipt of the written notice, advise the counsel for the Receiving Parties whether the Disclosing Party intends to seek an order from the Court retaining the documents within the Protective Order. The counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information until such time as the Court issues a ruling on the Disclosing Parties' motion to maintain the confidentiality of said documents. Notwithstanding the foregoing, any party bound by this Stipulation who contests the confidential nature of documents

produced pursuant to this Stipulation may move the Court for an order to have the documents removed from the protective order and to have the documents declared not confidential, or otherwise move to modify the Stipulation as to some or all of the documents. These procedures are in addition to, and not in lieu of compliance with Local Rule 37-1, et seq. relating to discovery motions.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**IT IS SO ORDERED:**

Dated: August 2, 2011          By: _____
                                    **HONORABLE RALPH ZAREFSKY**
                                    **UNITED STATES MAGISTRATE JUDGE**